Hon. Marguerite T. Saunders Acting Director, State of New York Division of Alcoholism and Alcohol Abuse
Your counsel has asked whether a credentialled alcoholism counselor is a mandated child abuse reporter pursuant to the Social Services Law.
In 1973 a State-wide central registry of child abuse and maltreatment was established (Social Services Law, § 422; L 1973, ch 1039). The registry is a repository of reports of child abuse and neglect throughout New York State (Social Services Law, § 422[2]). The information is considered confidential and is available only to certain enumerated "authorized agencies" for law enforcement, child welfare and other public purposes (Social Services Law, §§ 422[4], 424-a). In general, any person who has reasonable cause to suspect that a child has been abused or maltreated may report such abuse or neglect to the central registry (id., § 414).
In addition, the Social Services Law creates a class of mandated reporters; i.e., persons who are required to report to the central registry incidents of child abuse and neglect that they learn of in the course of their employment (id., § 413).
Under section 413, mandated reporters are required to file a report with the central State registry if they have reasonable cause to believe that a child with whom they have dealt in a professional capacity has been abused or neglected (id., § 413[1]). Furthermore, the mandated reporter must also report incidents of abuse and neglect which he or she learns from the parent, guardian or other person legally responsible for the allegedly abused or neglected child (id., § 413[1]).
As originally enacted, section 413 defined mandated reporters as including physicians, surgeons, medical examiners, coroners, dentists, registered nurses, hospital personnel engaged in the admission, examination, care and treatment of persons, day care personnel, school officials and "mental health professional[s]" (ibid.). Since that time, the list of mandated reporters has been expanded to include psychologists (L 1979, ch 81)*; police officers (L 1980, ch 843); residential care facility volunteers (L 1985, ch 676) and district attorneys, assistant district attorneys, investigators employed in the office of district attorney and other law enforcement officials (L 1985, ch 677).
Your letter notes that in 1988 the Department of Social Services proposed legislation to amend section 413 by adding the phrase "including, but not limited to an alcoholism or substance abuse counselor" after the term "mental health professional" (Assembly Bill No. 10835). The memorandum submitted in support of this addition noted that the addition was proposed to make it clear "that the current reference to mental health professionals includes alcoholism and substance abuse counselors" (Memorandum in Support of Department of Social Services Legislative Proposal No. 24B[R]-88, February 26, 1988). The version of the bill which was enacted into law, however, did not include this language. Inasmuch as the proposed amendment was merely intended to clarify the fact that substance abuse counselors were included among mental health professionals, we do not consider the proposed amendment, or the final version of the amendment which was enacted into law, as any indication that the counselors were not considered mental health professionals.
Federal regulations impose restrictions on the disclosure of alcohol and drug abuse patient records in connection with any federally-assisted alcohol and drug abuse program (id., § 395.5[b][6];42 C.F.R. § 2.3[a]). The secrecy requirements do not apply, however, to the mandated reporting of incidents of suspected child abuse and neglect required by State law:
 "The restrictions on disclosure and use in these regulations do not apply to the reporting under State law of incidents of suspected child abuse and neglect to the appropriate State or local authorities" (42 C.F.R. § 2.12[a][6]).
It follows that if credentialled alcoholism counselors fall within the meaning of "mental health professional" for purposes of section 413, they are required by State law to report incidents of child abuse and neglect, a requirement which is consistent with Federal law.
In our view, credentialled alcoholism counselors are covered by section 413. The Division of Alcoholism and Alcohol Abuse has the authority to establish standards for the training and licensing of alcoholism counselors (Mental Hygiene Law, § 19.07[a][19], [20]). Regulations promulgated pursuant to that authority provide that "[i]n order to be effective in the treatment and rehabilitation of persons suffering from alcoholism and alcohol abuse, alcoholism counselors should possess a broad range of knowledge covering a large number of areas and should be competent in performing all of the many professional functions alcoholism counseling requires" (14 NYCRR § 395.1[a] [emphasis supplied]). The regulations provide minimum educational requirements for eligibility to become a credentialled alcoholism counselor (id., § 395.4), in addition to requiring applicants to pass an examination as to professional counseling skills and techniques with regard to alcoholism counseling (id., § 395.5).
The regulations which create the position of credentialled alcoholism counselor are replete with references to the position being a professional one (14 NYCRR §§ 395.1[a], [c]; 395.3[j][7]). Most notably, section 395.5 of the Division's regulations requires certified alcoholism counselors to master certain professional skills in order to be licensed:
 "Alcoholism counseling involves a number of professional activities which are essential in serving the needs of those suffering from alcoholism and alcohol abuse as well as the needs of their families and significant others. Every applicant for an alcoholism counselor credential shall demonstrate a knowledge of, and ability to engage in, such professional activities" (id., § 395.5[b]).
Clearly, these regulations, in imposing highly specialized eligibility and training requirements, make credentialled alcoholism counselor a professional position. Furthermore, the requirements imposed by the Division's regulations make it clear that the counselors are mental health professionals. In order to be credentialled, a counselor must demonstrate "an ability to evaluate and assess alcohol-abusing persons, members of their families and significant others in relation to medical, psychological and social needs" (14 NYCRR § 395.5[a][3]).*
Inasmuch as the counselors' training and duties involve the medical and psychological well-being of the individuals being counseled, they fall within the definition of "mental health professional". Indeed, we find it significant that under the Mental Hygiene Law, alcoholism is defined as a mental health problem (Mental Hygiene Law, § 19.01[a]).
We note that the purpose of the central State registry and the mandated reporting requirements of section 413 is "to encourage more complete reporting of suspected child abuse and maltreatment", a problem which, by its very nature, is difficult to detect and address. Alcoholism counselors are in a unique position to encounter incidents of child abuse and their inclusion among mandated reporters is consistent with the language and purpose of section 413.
We conclude that credentialled alcoholism counselors are mental health professionals required to report suspected incidents of child abuse and neglect pursuant to section 413 of the Social Services Law.
* The legislative history for this amendment indicates that psychologists were added to the list of mandated reporters for clarification purposes. According to a memo submitted by the Department of Social Services in support of the bill:
 "Psychologists are presently considered to be mandated reporters by the Department of Social Services under the term `mental health professionals' as set out in section 413 of the Social Services Law. This bill would make the reporting requirements for psychologists clear in cases of suspected child abuse or maltreatment" (Legislative Bill Jacket, L 1979, ch 81).
* Section 395.5 also requires counselors to have a working knowledge of professional counseling activities, such as:
"(1) outreach and case finding techniques;
 (2) crisis intervention, intake practices and referral procedures;
 (3) development of individual treatment plans and follow-up procedures;
 (4) individual and group counseling, including involvement of family and significant others . . ." (14 NYCRR § 395.5[b]).